UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND SHAWN-PAUL REECE,

       Petitioner,                      Case Number 24-12372

v.                                              Honorable David M. Lawson

WARDEN, THUMB CORRECTIONAL
FACILITY,

       Respondent.
_____/

### OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE

Petitioner Raymond Shawn-Paul Reece, a prisoner presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a for a writ of habeas corpus under 28 U.S.C. § 2254 without the assistance of a lawyer. The petitioner also filed a motion in which he asks the Court to stay all proceedings in the case and hold the petition in abeyance while he exhausts state court remedies on several claims that were not raised in the present petition. However, because the petitioner has sufficient time to exhaust his state court remedies before the statute of limitations expires on his right to file a petition under section 2254, there is no need to stay this case. The Court will deny the petitioner's request to hold his petition in abeyance.

The petitioner must now choose whether he will proceed with the present petition as filed, or dismiss the petition without prejudice and return to state court to seek his remedies on his unexhausted claims. If he proceeds with the present petition, he may be prevented from raising additional issues in a later, second petition. If he dismisses his present petition without prejudice, he may return to state court to file a post-conviction motion, and then file a new petition later, raising all of his issues if he loses in state court. The one-year statute of limitations is suspended while a properly-filed motion for post-conviction relief is pending in state court, 28 U.S.C. §

2244(d)(2), and it starts running again when there is a final decision on his state court post-conviction motion. The petitioner must choose the way he will proceed by September 26, 2024.

I.

The petitioner pleaded guilty in the Kent County, Michigan circuit court and was convicted on charges of first- and second-degree criminal sexual conduct (CSC). On July 12, 2022, the state court imposed a sentence of 33 to 60 years in prison. The petitioner appealed his convictions, which were affirmed by the Michigan Court of Appeals, and the Michigan Supreme Court denied the petitioner's application for leave to appeal on May 10, 2024. *People v. Reece*, 5 N.W.3d 351, 352 (Mich. 2024).

On September 10, 2024, the petitioner filed the present habeas corpus petition, raising a single claim that the trial court erred by denying the defendant's several motions to exclude certain evidence from the trial. That argument was raised on direct appeal in the state courts. In his present motion, he now asks the Court to hold the habeas proceeding in abeyance to allow him to raise an additional claim based on "newly discovered evidence," which he intends to present in a post-judgment motion in state court.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state

courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)). The petitioner must exhaust his state court remedies on all his claims, and a "mixed" petition — that is, one containing both exhausted and unexhausted claims — is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

The petitioner must exhaust his state court remedies on his claims as long as there still is a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, Reece may file a motion for relief from judgment in the Wayne County, Michigan circuit court under Michigan Court Rule 6.502; there is still time to do so before the habeas statute of limitations runs out. If that motion is denied, he may seek review by the Michigan Court of Appeals and the Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A habeas corpus petition must be filed within one year of the date a prisoner's conviction becomes final. 28 U.S.C. § 2244(d)(1). The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition

to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). The federal court, under certain circumstances, then may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

But Reece has not shown that he lacks enough time to file and obtain rulings on his anticipated post-conviction motion. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a later, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). In this case, however, the limitations period should not pose a problem if the petitioner diligently pursues his state court remedies. The Michigan Supreme Court denied the petitioner's application for leave to appeal on May 10, 2024. The petitioner's convictions then became final 90 days later, on August 8, 2024, when the time during which he could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired. The one-year limitations period commenced the following day, August 9, 2024. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed his present petition and his motion to stay the proceedings on September 10, 2024, more than 10 months before the expiration of the limitations period on August 9, 2025. If the petitioner promptly files an appropriate post-conviction motion in the state court, then the remaining portion of the limitations period should allow him ample time to re-file his petition

including the newly-exhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "a post-conviction or collateral proceeding toll[s] the [AEDPA] statute of limitations, but does not restart it." *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014) (citing 28 U.S.C. § 2244(d)(2)).

III.

If the petitioner chooses to dismiss his present petition without prejudice, he should observe the following cautions: (1) The one-year statute of limitations will not be tolled unless his motion for relief from judgment is "properly filed" and addresses "the pertinent judgment or claim[s]." 28 U.S.C. § 2244(d)(2); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). (2) An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). (3) These procedural requirements usually specify the form of the document, the time limits for delivery, the location for filing a post-conviction motion, and the filing fee. *Ibid.* Because the petitioner has time to return to state court without jeopardizing his habeas filing deadline in federal court, the Court will deny his stay request.

Accordingly, it is **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 3) is **DENIED**. The Court advises the petitioner that if he does not desire to have the Court adjudicate his original petition as filed, then he may seek a dismissal without prejudice of the original petition.

It is further **ORDERED** that if the petitioner desires voluntarily to dismiss his petition, then he must do so **on or before September 26, 2024**. If the petitioner does not voluntarily dismiss the petition by that date, then the Court will proceed to adjudicate the petition as filed.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 13, 2024